UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 07-550-01 |
| KABONI SAVAGE | : | |

## NOTICE OF INTENT TO SEEK THE DEATH PENALTY

The United States of America, by its attorneys, Zane David Memeger, United States Attorney for the Eastern District of Pennsylvania, and David E. Troyer and John M. Gallagher, Assistant United States Attorneys for the District, pursuant to Title 18, United States Code, Section 3593(a), hereby notifies the Court and defendant Kaboni Savage that, in the above- captioned case, the government believes that the circumstances of the offenses charged in Counts 2, 3, 5, 6, 7, 8, 10, 11, 12, 13, 14, 15, and 16 of the Superseding Indictment are such that, in the event that the defendant is convicted of committing any one, combination of, or all of these offenses, a sentence of death is justified under Chapter 28 (Sections 3591 through 3598) of Title 18 of the United States Code, and that the government will seek a sentence of death on each and all of these offenses. These offenses being: (1) murder in aid of racketeering activity, and aiding and abetting, which prohibited conduct resulted in the deaths of Kenneth Lassiter (Count 2), Mansur Abdullah (Count 3), Barry Parker (Count 5), Tyrone Tolliver (Count 6), Tybius Flowers (Count 7), Marcella Coleman (Count 10), Tameka Nash (Count 11), Sean Anthony Rodriguez (Count 12), Tahj Porchea (Count 13), Khadijah Nash (Count 14), and Damir Jenkins (Count 15), all in violation of Title 18, United States Code, Sections 1959(a)(1) and 2; (2) tampering with a witness, which prohibited conduct resulted in the death of Tybius Flowers, in violation of Title

18, United States Code, Sections 1111(a) and 1512(a)(1)(A) (Count 8); and (3) retaliating against a witness, victim, or and informant, which prohibited conduct resulted in the deaths of Marcella Coleman, Tameka Nash, Sean Anthony Rodriguez, Tajh Porchea, Khadijah Nash, and Damir Jenkins, in violation of Title 18, United States Code, Sections 1111(a), 1513, and 2 (Count 16).

The government proposes to prove the following statutory factors pursuant to Title 18, United States Code, Sections 3591(a)(2) and 3592(c), as charged in the Superseding Indictment's Notice of Special Findings, hereby incorporated by reference, and non-statutory factors pursuant to Title 18, United States Code, Section 3593(a)(2), as justifying a sentence of death.

    A.    **Applicable Statutory Proportionality Factor Under Title 18, <u>United States Code, Section 3591(a)(2)</u>.**

        1.    With regard to Counts 2, 3, 5, 6, 7, 8, 10, 11, 12, 13, 14, 15, and 16, the United States proposes to prove that:

        a.    The defendant, being at the time over 18 years of age, intentionally killed the victim (18 U.S.C. § 3591(a)(2)(A));

        b.    The defendant, being at the time over 18 years of age, intentionally inflicted serious bodily injury that resulted in the death of the victim (18 U.S.C. § 3591(a)(2)(B));

        c.    The defendant, being at the time over 18 years of age, intentionally participated in acts, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than a participant in the offenses, and the victims died as a direct result of the acts (18 U.S.C. § 3591(a)(2)(C)); and

    d. The defendant, being at the time over 18 years of age, intentionally and specifically engaged in one or more acts of violence knowing that the acts created a grave risk of death to a person, other than one of the participants to the offenses, such that participation in the acts constituted a reckless disregard for human life and the victim died as a direct result of the acts (18 U.S.C. § 3591(a)(2)(D)).

 **B.** **Statutory Aggravating Factors Enumerated Under Title 18, <u>United States Code, Section 3592(c)</u>.**

  1. With regard to Counts 2, 3, 5, 6, 7, 8, 10, 11, 12, 13, 14, 15, and 16, the United States proposes to prove:

    a. **Grave Risk of Death to Additional Persons.**  The defendant, in the commission of the offense, knowingly created a grave risk of death to one or more persons in addition to the victim of the offense (18 U.S.C. § 3592(c)(5)); and

    b. **Conviction For Serious Federal Drug Offenses.**  The defendant had been previously convicted of violating Title II or III of the Comprehensive Drug Abuse Prevention and Control Act of 1970 for which a sentence of five or more years may be imposed (18 U.S.C. § 3592(c)(12)).

  2. With regard to Counts 3, 5, 6, 7, 8, 10, 11, 12, 13, 14, 15, and 16, the United States proposes to prove:

    a. **Substantial Planning and Premeditation.**  The defendant committed the offense after substantial planning and premeditation to cause the death of a person (Title 18, United States Code, Section 3592(c)(9)).

  3. With regard to Counts 3 and 6, the United States proposes to prove:

        a.    **Pecuniary Gain.** The defendant committed the offense as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value (18 U.S.C. § 3592(c)(8)).

    4.    With regard to Counts 10, 11, 12, 13, 14, 15, and 16, the United States proposes to prove that:

        a.    **Heinous, Cruel, or Depraved Manner of Committing Offense.** The defendant committed the offense in an especially heinous, cruel, or depraved manner in that it involved torture or serious physical abuse to the victim (18 U.S.C. § 3592(c)(6));

        b.    **Procurement of Offense by Payment.** The defendant procured the commission of the offense by payment, or promise of payment, of anything of pecuniary value (18 U.S.C. § 3592(c)(7));

        c.    **Vulnerability of Victim.** The defendant committed the offense upon a victim particularly vulnerable due to youth (18 U.S.C. § 3592(c)(11)); and

        d.    **Multiple Killings or Attempted Killings.** The defendant intentionally killed and attempted to kill more than one person in a single criminal episode (18 U.S.C. § 3592(c)(16)).

    C.    **Non-Statutory Aggravating Factors Under Title 18,**
           **United States Code, Section 3593(a)(2).**

    1.    With regard to Counts 2, 3, 5, 6, 7, 8, 10, 11, 12, 13, 14, 15, and 16, the United States proposes to prove:

        a.    **Victim Impact Evidence.** The defendant's participation in the murder of each victim has caused injury, harm, and loss to the victim, and to the victim's family

4

because of the victim's personal characteristics and his/her potential as an individual human being and the consequent impact of the victim's death upon his/her family. The murder of each victim has caused that victim's family extreme emotional suffering and irreparable harm.

      b.    **Future Dangerousness of the Defendant.** The defendant is likely to commit, or procure the commission of, retaliatory and other criminal acts of violence in the future, which acts would be a continuing and serious threat to the lives and safety of others. In addition, he has demonstrated low rehabilitative potential and/or has demonstrated a lack of remorse.

      c.    **Contemporaneous Conviction For Another Killing.** The defendant also participated in the killing of one or more other victims and is subject to a contemporaneous conviction, as part of this case, for that killing, as charged in Counts 2, 3, 5, 6, 7, 8, 10, 11, 12, 13, 14, 15, and/or 16 of the Superseding Indictment.

    2.    With regard to Count 8, the United States proposes to prove:

      a.    **Obstruction of Justice.** The defendant procured the murder of the victim, Tybius Flowers, to prevent him from continuing to cooperate with law enforcement authorities' criminal investigation of Savage, and to prevent him from testifying at an official proceeding, that is, the trial of the defendant in the Philadelphia Court of Common Pleas, for the murder of Kenneth Lassiter. The defendant also implicitly and/or explicitly threatened harm to others whom he believed contemplated cooperating with law enforcement against him.

    3.    With regard to Counts 10, 11, 12, 13, 14, 15, and 16, the United States proposes to prove:

      a.      **Obstruction of Justice**.  The defendant procured the murder of the victims to prevent Eugene Coleman from continuing to cooperate with law enforcement's criminal investigation of Savage, and also implicitly or explicitly threatened harm to others whom he believed contemplated cooperating with law enforcement against him.  The defendant's procurement of the murders of the victims had a chilling and terrorizing effect on Eugene Coleman and the remaining incarcerated witnesses in the case, and in other federal cases, who felt helpless to protect their family members from prison.

                      Respectfully submitted,

                      ZANE DAVID MEMEGER
                      United States Attorney

                      DAVID E. TROYER
                      Assistant United States Attorney

                      JOHN M. GALLAGHER
                      Assistant United States Attorney