IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA :  | |
| : | CRIMINAL ACTION |
| v. : | |
| : | NO. 07-550 |
| KABONI SAVAGE   - 03 : | |
| ROBERT MERRITT  - 04 : | |
| STEVEN NORTHINGTON  - 05 : | |
| KIDADA SAVAGE  - 06 : | |

**SURRICK, J.**                                                                                            **SEPTEMBER 14, 2012**

## MEMORANDUM

Presently before the Court are the Government's Motion for an Anonymous Jury Panel and Heightened Jury Security (ECF No. 441), Defendant Kaboni Savage's Motion to Strike Government's Motion for an Anonymous Jury Panel and Heightened Jury Security for Failing to Abide by this Court's Pretrial Motions Deadline (ECF No. 446), and Defendant Kaboni Savage's Response to Government's Motion for Anonymous Jury Panel and Heightened Jury Security and Defendant's Motion for Sequestered Jury (ECF No. 479).  For the following reasons, the Government's Motion will be granted, and Defendant's Motions will be denied.

**I.     BACKGROUND**[1]

On May 9, 2012, a federal grand jury returned a seventeen-count Fourth Superseding Indictment charging Defendant Kaboni Savage ("Savage") with conspiracy to participate in the affairs of a racketeering ("RICO") enterprise, in violation of 18 U.S.C. § 1962(d) (Count 1),

---

[1] The factual background of this case is more fully set forth in our June 1, 2012 Memorandum and Order denying Defendant Kaboni Savage's Motion to Dismiss the Indictment on Double Jeopardy Grounds (ECF No. 374) and Motion to Dismiss Count Nine of the Third Superseding Indictment on Double Jeopardy Grounds.  (*See* ECF Nos. 507, 508.)

twelve counts of murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1) (Counts 2-7, 10-15), tampering with a witness, in violation of 18 U.S.C. § 1512(a) (Count 8), conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5) (Count 9), retaliating against a witness, in violation of 18 U.S.C. § 1513(a) (Count 16), and using fire to commit a felony, in violation of 18 U.S.C. § 844(h)(1) (Count 17).  (Fourth Superseding Indictment, ECF No. 480.)  Savage was charged along with three co-defendants, Steven Northington, Robert Merritt, and his sister, Kidada Savage ("Kidada").  Defendant Lamont Lewis was also charged in the First Superseding Indictment.  The charges against Lewis were disposed of by guilty plea on April 21, 2011.  On March 14, 2011, the Government filed a notice of intent to seek the death penalty against Savage, Merritt, and Northington.  (ECF Nos. 196, 197, 198.)  The Government will not seek the death penalty against Kidada.

By Order dated June 29, 2011, the deadline to file pretrial motions in this case was set for February 21, 2012.  (ECF No. 239.)  On March 28, 2012, the Government filed a Motion for an Anonymous Jury Panel and Heightened Jury Security.  (Gov't's Mot., ECF No. 441.)  On March 30, 2012, Savage filed a Motion to Strike the Government's Motion on the ground that it failed to comply with the Court's deadline to file pretrial motions.  (Def.'s Mot. Strike, ECF No. 446.)[2] On May 7, 2012, Savage filed his Response to Government's Motion for an Anonymous Jury Panel and Heightened Jury Security and Defendant's Motion for Sequestered Jury.  (Def.'s Mot. Seq., ECF No. 479.)  The Government filed a response to Savage's Motion for a Sequestered Jury on May 11, 2012.  (Gov't's Seq. Resp., ECF No. 482.)

---

[2] Savage's Motion to Strike contained no substantive arguments in opposition to the Government's request to empanel an anonymous jury and provide heightened security measures during trial.

2

## II.   DISCUSSION

### A.   Anonymous Jury Panel and Heightened Jury Security

The Government seeks to empanel an anonymous jury and provide for heightened security during the trial in this case. Specifically, the Government requests that "the names, addresses, and places of employment of prospective jurors not be revealed to the parties, the attorneys, or to the public." (Gov't's Mot. 2.) The Government also requests that "the jurors be sequestered during lunch and recesses under the protection of the United States Marshals Service, and that they be transported to trial each day to and from an undisclosed central location, from which the jurors may return to the respective communities." (*Id.*) The Government argues that, in light of the Defendants' history of violence and intimidation, an anonymous jury is necessary to protect jurors from the threat of danger posed by Defendants. The Government also argues that protecting the identity of the jurors will not infringe on Defendant's right to a fair trial because Defendant may still conduct an effective *voir dire* and exercise peremptory challenges.

Savage does not object to an anonymous jury or to the heightened security measures requested by the Government.[3] (*See* Def.'s Mot. Seq. 5.) Savage does, however, contend that the relief requested by the Government does not provide enough protection and "stops short of what is necessary to ensure that [he] has a fair trial with an impartial jury." (Def.'s Seq. Mot. 1.) Savage contends that fully sequestering the jury is appropriate and necessary.

---

[3] In his Motion to Strike, Savage does not object to the relief requested by the Government. Rather, Savage argues that the Government failed to abide by the Court's deadline to file pretrial motions. While it is true that the Government's Motion was untimely, Savage's Motion for a Sequestered Jury was also untimely. We will overlook the untimeliness of these Motions since we agree with both parties that the circumstances of this case warrant additional jury protection. Savage's Motion to Strike is therefore denied.

The district court has discretion to empanel an anonymous jury, "provided that the court's discretion is grounded in legitimate concerns for juror safety, courtroom security and protecting court proceedings from outside influences." *United States v. Stewart*, 325 F. Supp. 2d 474, 498 (D. Del. 2004) (citing *United States v. Scarfo*, 850 F.2d 1015, 1021, 1023 (3d Cir. 1988)); *see also United States v. Thornton*, 1 F.3d 149, 154 (3d Cir. 1993) (stating that the circuit court is "'particularly deferential' to the district court's 'substantial discretion' to empanel an anonymous jury"). In capital cases, a defendant is entitled to a list of jurors, including the jurors' addresses, at least three days before the commencement of trial, unless the court determines by a preponderance of the evidence that furnishing such list would "jeopardize the life or safety of any person." 18 U.S.C. § 3432.[4] Factors for courts to consider when determining whether to empanel an anonymous jury include: "(1) pretrial publicity from prior related cases that may contribute to juror apprehension; (2) any history of violence by the defendant; (3) the severity of the charges facing the defendant; and (4) any claims that the defendant previously intimidated witnesses." *Stewart*, 325 F. Supp. 2d at 498 (citing *Thornton*, 1 F.3d at 154; *Scarfo*, 850 F.2d at 1023-24). In making its determination, the court is not required to conduct an evidentiary hearing. *Id.*

---

[4] Section 3432 states in full:

> A person charged with treason or other capital offense shall at least three entire days before commencement of trial, excluding intermediate weekends and holidays, be furnished with a copy of the indictment and a list of the veniremen, and of the witnesses to be produced on the trial for proving the indictment, stating the place of abode of each venireman and witness, except that such list of the veniremen and witnesses need not be furnished if the court finds by a preponderance of the evidence that providing the list may jeopardize the life or safety of any person.

18 U.S.C. § 3432.

We agree with the Government and Savage that an anonymous jury and heightened jury security measures are necessary. During the 2005 drug trial of Savage and Northington in this District, Judge McLaughlin determined that the use of an anonymous jury panel and heightened jury security was appropriate based upon evidence of Defendants' history of violence and intimidation of witnesses. *See United States v. Savage*, No. 04-269, at ECF No. 616 (E.D. Pa. filed Sept. 26, 2005). Trial in the instant case presents the same need for heightened security measures. The Indictment is replete with examples of threats, intimidation and violence against Government witnesses and their families by Defendants. Jurors also have been the subject of such tactics. While housed at the Federal Detention Center ("FDC") in Philadelphia, Savage "plotted to obtain the addresses and telephone numbers of the jurors in his 2005 federal jury trial." (Gov't's Mot. App. A. at 9.)[5] The evidence establishes a dangerousness and a "willingness and ability to interfere with the judicial process" on the part of Defendant. *United States v. Byers*, 603 F. Supp. 2d 826, 830 (D. Md. 2009) (granting Government's request for an anonymous jury panel where the defendant's conduct, which included murdering government witnesses, showed his willingness and ability to interfere with the judicial process).

Moreover, the requested relief will not impair Defendant's due process or other constitutional rights. An anonymous jury and heightened security do not infringe on a defendant's right to a fair trial because "the practice of withholding jurors' names, addresses and places of employment does not deprive the defense of the information it needs to conduct an effective *voir dire* and exercise its peremptory challenges." *Stewart*, 325 F. Supp. 2d at 499

---

[5] With respect to jurors, Savage was overheard stating, '[i]f I don't beat this joint or I have to go up and come back on appeal and pay you motherfuckers a visit." (Gov't's Mot. App. A. at 9.)

(citing *Scarfo*, 850 F.2d at 1022); *see also United States v. Eufrasio*, 935 F.2d 553, 574 (3d Cir. 1991) ("[I]f measures are taken to inform a defendant of jury demographics and to permit ample *voir dire*, an anonymous jury need not impair a defendant's right to intelligently exercise peremptory challenges."). Any concerns that a jury may have the impression that a defendant is dangerous or guilty can be corrected through "careful instructions to the jurors that keeping their identity confidential [has] no bearing on the evidence or arguments in [this] case." *Thornton*, 1 F.3d at 154 (finding no abuse of discretion by empaneling anonymous jury).

Accordingly, the Government's Motion will be granted. An anonymous jury will be empaneled for this trial. The names, addresses, and places of employment of prospective jurors will be withheld from the parties, counsel and the public. The jurors will be sequestered at lunch and during court recesses. In addition, the jurors will be transported each trial day to and from an undisclosed central location, from which they may commute to and from their respective communities.

  **B.** **Fully-Sequestered Jury**

As noted above, Savage argues that empaneling an anonymous jury and providing heightened jury security does not go far enough in protecting his right to a fair trial. Savage advocates for full sequestration of the jury, as opposed to partial sequestration proposed by the Government. The sequestration would begin with the selection of the jury and continue through the completion of the penalty phase of the trial. He argues that fully sequestering the jury is justified by the anticipated media coverage and extensive publicity this case will receive, and the potential effects that this media attention may have on his right to trial by a fair and impartial jury. Savage further argues that sequestration is necessary to protect jurors from potential

6

harassment to prevent juror apprehension.  The Government responds that fully sequestering the jury during what is expected to be a three-month trial poses an unnecessary hardship on the jurors, as well as a considerable financial burden on the Courts and taxpayers.  The Government also argues that anything less than subjecting jurors to "solitary confinement" will not fully shield jurors from trial publicity, and that depriving jurors of television, telephones, the Internet, and all communications with their families "is a harsh and unnecessary measure to impose upon a jury."  (Gov't's Seq. Resp. 4.)

Courts have broad discretion in deciding whether to sequester a jury.  *See United States v. De Peri*, 778 F.2d 963, 973 (3d Cir. 1985); *see also United States v. Salerno*, 868 F.2d 524, 540 (2d Cir. 1989) ("The decision to sequester the jury to avoid exposure to publicity is committed to the discretion of the court, and failure to sequester the jury can rarely be grounds for reversal."); *United States v. Marrone*, 502 F. Supp. 983, 1003 (E.D. Pa. 1980).  "Sequestration is an extreme measure" and "one of the most burdensome tools of the many available to assure a fair trial."  *De Peri*, 778 F.2d at 973 (affirming district court's denial of a jury sequestration motion).

We agree with the Government.  The burdens placed on a fully-sequestered jury outweigh the concerns raised by Savage.  The Government predicts that trial will last approximately three months.  Savage suggests that during trial jurors should be shielded from any possible exposure to the media.  We agree that jurors should avoid exposure to the media.  However, that can be accomplished without complete removal from family and the outside world.  As one court observed:

> [This] trial is estimated to last five to six weeks, and it must be recognized that sequestration subjects jurors and their families to burdensome hardships and makes it extremely difficult to obtain a fair cross-section of the community to serve on the

> jury. Therefore, sequestration should not be ordered unless it appears to be strictly necessary to prevent outside interference.

*United States v. Boffa*, 513 F. Supp. 444, 493 (D. Del. 1980).

Clearly this case will receive media attention during trial. However, "the fear of some media publicity is seldom a sufficient reason alone for subjecting the jurors to the inconvenience of sequestration." *Id.*[6] To assure that Defendants receive a trial by an impartial jury free from outside influences, we will properly instruct the jury to avoid the publicity and media accounts related to this case. *See United States v. Cassamento*, 887 F.2d 1141, 1154-55 (2d Cir. 1989) (finding that the "great deal" of media attention surrounding an organized crime trial did not render it unfair in light of district court's instruction to the jury to avoid press accounts about the case."); *see also Scarfo*, 850 F.2d at 1025 ("The constitutional guarantee of trial by jury is premised on the fundamental belief that juries will follow the law, that they will not convict on mere suspicion but will instead require proof beyond a reasonable doubt."); *Boffa*, 514 F. Supp. at 493 (noting that fully sequestering a jury is justified only when media publicity at trial is so "massive and pervasive that it cannot be controlled by strict admonitions to the jurors"). The jurors will be reminded of their obligations every day before they go home.

Finally, Savage's concerns about jury apprehension and possible harassment of jurors is sufficiently addressed by empaneling an anonymous jury and providing additional security measures during trial. *See supra*, Section II.A.

---

[6] One capital case that was at the forefront of national media coverage — the "Oklahoma City bombing" case — was not decided by a fully-sequestered jury. *See United States v. McVeigh*, 119 F.3d 806, 815 (10th Cir. 1997) ("[W]e cannot say that the district court abused its discretion in electing not to sequester the jury during what was anticipated to be a several month long trial.").

### III. CONCLUSION

For the foregoing reasons, the Government's Motion for an Anonymous Jury Panel and Heightened Jury Security is granted, Defendant Kaboni Savage's Motion to Strike Government's Motion for an Anonymous Jury Panel and Heightened Jury Security for Failing to Abide by this Court's Pretrial Motions Deadline is denied, and Defendant Kaboni Savage's Motion for Sequestered Jury is denied.

An appropriate Order follows.

**BY THE COURT:**

/s/ *R. Barclay Surrick*
**U.S. District Judge**