IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | |
| KABONI SAVAGE | : | NO. 07-550-03 |

**SURRICK, J.**                                                                 **FEBRUARY 1, 2013**

## MEMORANDUM

Presently before the Court is Defendant Kaboni Savage's Motion *in Limine* to Preclude Admission of Unfairly Prejudicial Evidence. (ECF No. 805.) For the following reasons, Defendant's Motion will be denied.

## I. BACKGROUND[1]

On May 9, 2012, a federal grand jury returned a seventeen count Fourth Superseding Indictment ("Indictment") charging Defendant Kaboni Savage with: conspiracy to participate in the affairs of a racketeering ("RICO") enterprise, in violation of 18 U.S.C. § 1962(d) (Count 1); twelve counts of murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1) (Counts 2-7, 10-15); tampering with a witness, in violation of 18 U.S.C. § 1512(a) (Count 8)[1]; conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5) (Count 9); retaliating against a witness, in violation of 18 U.S.C. § 1513(a) (Count 16); and using fire to commit a felony, in violation of 18 U.S.C. § 844(h)(1) (Count 17). (Indictment, ECF No. 480.)

---

[1] The factual background of this case is more fully set forth in our June 1, 2012 Memorandum and Order denying Defendant Kaboni Savage's Motion to Dismiss the Indictment on Double Jeopardy Grounds and Motion to Dismiss Count Nine of the Third Superseding Indictment on Double Jeopardy Grounds. (*See* ECF Nos. 507, 508.)

[2] Count 8 of the Indictment was dismissed by agreement of the parties. (ECF No. 855.)

Savage was charged along with three co-defendants, Steven Northington, Robert Merritt, and his sister, Kidada Savage. The Government has filed a notice of intent to seek the death penalty against Merritt, Northington, and Kaboni Savage. (ECF Nos. 196, 197, 198.)

On October 9, 2004, six people, including four children, died as a result of arson at a home located at 3256 North Sixth Street, Philadelphia, Pennsylvania. (Def.'s Mot. 1, ECF No. 376.) The Government contends that Defendant and Kidada Savage solicited and ordered Lewis and Merritt to set fire to the home of Eugene Coleman, a former associate of Defendant. Defendant believed that Coleman was cooperating with the Government and planned to testify against him in his 2005 federal drug conspiracy trial.[3] The firebombing took the lives of Coleman's mother, infant son, and four other relatives. The Government intends to show at trial that the firebombing was ordered by Defendant in order to intimidate Coleman and prevent him from testifying against him at the drug conspiracy trial relating to the 2005 Indictment.

On December 10, 2012, Defendant filed a Motion *in Limine* to Preclude Admission of Unfairly Prejudicial Evidence. (Def.'s Mot., ECF No. 805.) The Government filed a response to the Motion on January 11, 2013. (Gov't's Resp., ECF No. 893.)

II. **DISCUSSION**

Defendant requests that the Court preclude the Government from introducing at trial evidence of various statements that Defendant characterizes as outlandish and provocative, but

---

[3] Defendant, Northington, and four other co-defendants not charged in the instant Indictment were prosecuted in a 2005 federal drug conspiracy case. After a seven-week trial, Defendant was found guilty of conspiracy to manufacture and distribute cocaine, money laundering, firearms possession, witness retaliation and other crimes. Coleman testified at that trial. Defendant received a sentence of thirty years in prison on these convictions.

lacking in probative value. (Def.'s Mot. 1.)[4] The Government responds that the conversations cited by Defendant are highly relevant and not unduly prejudicial. (Gov't's Resp. 4.)

### A. Rule 401

"'All relevant evidence is admissible, except as otherwise provided' by the Constitution, an act of Congress, rules prescribed by the Supreme Court or the Federal Rules of Evidence." *United States v. Ali*, 493 F.3d 387, 391 (3d Cir. 2007) (quoting Fed. R. Evid. 402); *see also Wilson v. Vaughn*, 533 F.3d 208, 217 (3d Cir. 2008). Evidence is "relevant," and therefore admissible, if it has some "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed R. Evid. 401.

---

[4] Defendant does not specifically identify all of the statements he seeks to preclude from trial. In his Motion, Defendant references threats identified in the Indictment, (Def.'s Mot. 1-2 (citing Indictment ¶¶ 58, 69, 72-75, 90, 91, 94-113, 116, 125-128), and a compilation of threats attributed to Defendant by the Government in a prior filing related to Defendant's motion to remove SAMs conditions of confinement. (*Id.* at 2 (citing ECF No. 146-1).) Defendant also identifies two other statements made by Kaboni Savage that the Government might introduce into evidence. (*Id.*) Defendant classifies the challenged statements into four categories: (1) absurd and impossible threats; (2) statements that suggest a non-existent danger; (3) rants and commentary on Government cooperators and police informants; and (4) hyperbolic statements. (*Id.* at 3-6.) The Government understands Defendant to be challenging only six statements specifically referenced in Defendant's Motion. (Gov't's Resp. 4.) These six statements appear to be merely illustrative rather than exhaustive. (*See* Def.'s Mot. 6.)

Defendant acknowledges that "some of the statements he challenges in this motion may be more relevant and less unfairly prejudicial than others." (*Id.* at 6.) He argues that without a full list of the statements and threats that the Government intends to introduce at trial, he cannot provide a comprehensive list of challenged statements. (*Id.*) The Government points out that the Government has identified the recordings that it intends to play at trial and has provided to Defendant the corresponding transcripts for those recordings. (Gov't's Resp. 2 (citing ECF No. 854).) Under the circumstances, Defendant would appear to have notice of the statements and Defendant's request for notice of such statements is therefore moot.

Defendant's failure to be specific in his Motion *in limine* limits our ability to grant him his requested relief beyond the six statements specifically mentioned. The Government notes that it intends to play at trial approximately 400 to 500 conversations. (Gov't's Resp. 2 (citing ECF No. 854).) Accordingly, our analysis must be confined to those statements specifically identified by Defendant in his Motion.

Defendant maintains that certain of the statements that he identifies in his Motion are devoid of any probative value. (Def.'s Mot. 5, 6.) The Government provides a number of grounds for the relevancy of the challenged statements. It argues that they are evidence of Defendant's intent, his motive, his knowledge and relationship with certain individuals, his communications with co-conspirators, his intimidation of cooperators, prospective cooperators, and law enforcement officials, and his consciousness of guilt. (Gov't's Resp. 6-10.) Such grounds would certainly tend to make the facts of consequence in determining this matter more or less probable. *See United States v. Scheffer*, 523 U.S. 303, 331 (1998) ("[E]vidence of 'consciousness of guilt' may sometimes be relevant."); *United States v. Lee*, 612 F.3d 170, 187 (3d Cir. 2010) (upholding district court's determination that the defendant's statements about using weapons were relevant to his motive to possess a firearm); *United States v. Gartman*, 53 F.3d 329 (4th Cir. 1995) (finding defendant's statements relevant and admissible as non-hearsay evidence of motivation to intimidate girlfriend); *United States v. Taylor*, 884 F.2d 1390, at *2 (4th Cir. 1989) ("As a general rule, evidence of threats to witnesses, though not admissible to prove bad character, *see* Fed. R. Evid. 404, can be legally relevant to show consciousness of guilt."); *United States v. Simone*, No. 91-569, 1993 WL 106478, at *4 (E.D. Pa. March 31, 1993) (finding relevant evidence relating to the defendant's relationship with members of criminal organization).

Defendant specifically challenges six statements that he contends are irrelevant due to their implausibility or emotional nature.[5] Defendant provides these six statements in general

---

[5] By way of example, one statement that Defendant argues is inadmissible involves his discussion of "killing crackers" and reading in a magazine that "boric acid and sugar becomes a poison." (Def.'s Mot. 3.) Defendant maintains that this statement is absurd and impossible. (*Id.*) According to the Government, this statement is relevant to demonstrate Defendant's motivation for his crimes, his intent to commit them, and to bolster the resolve of his co-

categories of types of statements. The Government argues that, in the context of the Indictment and the charges to be proven at trial, these statements are highly relevant. The Indictment contains a number of allegations with regard to the KSO's intent and specific purpose to intimidate witnesses. (*See* Indictment ¶¶ 1, 5, 9, 10, 12.) The Indictment alleges that through brutal acts of violence, including the arson murders, KSO members furthered the enterprise's goals and achieved its purposes. (*Id.* at ¶¶ 20, 69, 72, 75, 101, 107, 110-13.) The federal grand jury in this case charged Defendant with ordering no fewer than seven murders of cooperators and their families while he was imprisoned. (*See id.*) To satisfy their burden of proof on these counts, the Government must establish that Defendant ordered these murders with the specific intent of preventing cooperation or retaliating against cooperators, in violation of 18 U.S.C. § 1513. The statements proffered by the Government establish Defendant's pattern of obstruction and intimidation, including threats toward law enforcement officials and prospective witnesses and their families, and statements indicating Defendant's satisfaction over the deaths of cooperating witnesses. They may be relevant in establishing his intent, planning, knowledge, motive, absence of mistake, and in rebuttal to Defendant's anticipated defense that such threats were harmless venting. We cannot say at this time, prior to the introduction of the Government's evidence, that these statement have no "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable." Fed. R. Evid. 401. Accordingly, they will not be excluded as irrelevant at this juncture.

---

conspirators. (Gov't's Resp. 22.) Another statement by Defendant involves threats to jurors in his 2005 federal drug conspiracy trial. (Def.'s Mot. 4.) Defendant maintains that the threat issued was "not a real risk, and has no tendency to prove any fact of consequence." (*Id.* at 5.) The Government responds that this statement evinces a pattern of intimidation meant to protect the KSO. (Gov't's Resp. 23.) Notably, this threat was issued one month after the arson murders of a cooperating witness' family. (*Id.*) The other four statements highlighted by Defendant are similar.

### B. Rule 403

Under Federal Rule of Evidence 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. District courts have broad discretion to determine whether evidence should be excluded under Rule 403. *United States v. Pelullo*, 14 F.3d 881, 888 (3d Cir. 1994). In performing its analysis, the court is to "appraise the genuine need for the challenged evidence and balance that necessity against the risk of prejudice to the defendant." *Id.* (quoting *Gov't of the Virgin Islands v. Archibald*, 987 F.2d 180, 186 (3d Cir. 1993)). Notably, the prejudice the court is to measure must be "unfair prejudice . . . 'based on something other than [the evidence's] persuasive weight.'" *United States v. Bergrin*, 682 F.3d 261, 279 (3d Cir. 2012) (quoting *United States v. Cruz-Garcia*, 344 F.3d 951, 956 (9th Cir. 2003)). In RICO cases, courts may admit potentially prejudicial evidence relating to uncharged criminal activity. *Ali*, 493 F.3d at 392; *United States v. DiSalvo*, 34 F.3d 1204 (3d Cir. 1994); *United States v. Eufrasio*, 935 F.3d 553 (3d Cir. 1991).

Section 3593 addresses the procedure for the sentencing phase of a capital case. Under subsection 3593(c), "[i]nformation is admissible regardless of its admissibility under the rules governing admission of evidence at criminal trials except that information may be excluded if its probative value is outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury." 18 U.S.C. § 3593(c). "Section 3593(c) provides the district court with greater discretion to exclude unfairly prejudicial or confusing information than the district court has during the guilt phase." *United States v. Lujan*, 603 F.3d 850, 854 (10th Cir. 2010).

6

Defendant requests that the Court apply the admissibility standard of 18 U.S.C. § 3593(c) rather than that of Rule 403 during the guilt phase of the trial because § 3593(c) "requires the Court to perform a more stringent balancing of probative value against the danger of unfair prejudice than is otherwise required under the Federal Rules of Evidence." (Def.'s Mot. 3.) Such a remedy is unprecedented. The Government responds citing *United States v. Pepin*, 514 F.3d 193, 207 (2d Cir. 2008), where the court held that the admissibility of evidence at the guilt phase of a capital case was governed by Rule 403 rather than Section 3593(c) and that evidence was improperly excluded from the guilt phase of the trial based on its prospective exclusion from the sentencing phase of the trial. The Second Circuit reasoned that "[t]o rule that only evidence independently admissible at the penalty phase is admissible during the guilt phase, however, would impermissibly allow the section 3593(c) admissibility standard to govern evidentiary rulings not only at the penalty phase, but throughout the entire proceeding." *Id.*

For the guilt phase of the trial, we will apply the balancing test set forth under Rule 403. For the sentencing phase of the trial, we will apply the balancing test set forth under 18 U.S.C. § 3593(c). If evidence is admissible during the guilt phase, but would run afoul of Section 3593(c) in the sentencing phase, we can provide an appropriate limiting instruction or exclude the evidence for the sentencing phase of the trial. *United States v. Taveras*, 584 F. Supp. 2d 535, 538 (E.D.N.Y. 2008).

Defendant maintains that the statements the Government intends to introduce are so highly prejudicial and lacking in probative value as to violate Rule 403. (Def.'s Mot. 3-6.) Defendant contends that Savage's statements are absurd and impossible, suggest a non-existent danger, are rants and commentary on Government cooperators and police informants, or

7

hyperbolic. (*Id.*) The Government argues that each of the statements challenged by Defendant are highly probative of his motive, specific intent, state of mind, and consciousness of his guilt. (Gov't's Resp. 20-29.)

Relevant evidence becomes problematic for admissibility purposes when its introduction is "unnecessary for the Government to prove its case on the elements of the specific charged crime." *United States v. Jones*, 566 F.3d 353, 365 (3d Cir. 2009) (citing *United States v. Murray*, 103 F.3d 310, 315-16, 319 (3d Cir. 1997), *United States v. Hans*, 738 F.2d 88, 95-96 (3d Cir. 1984)). As discussed above, the Government must prove Defendant's specific intent to harm witnesses and their families in order to prove violations of 18 U.S.C. § 1513.

A number of the statements challenged by Defendant could be classified as "threat evidence." "'Threat evidence' may be admitted to show consciousness of guilt." *United States v. Guerrero*, 803 F.2d 783, 785 (3d Cir. 1986) (citing *United States v. Gonzalez*, 703 F.2d 1222 (11th Cir. 1983), *United States v. Rosa*, 705 F.2d 1375 (1st Cir. 1983)).

When it comes to the prejudicial nature of threat evidence, the Third Circuit advises that a court should consider:

> [T]he tendency of the particular conduct alleged to suggest decision on an improper basis, commonly, though not necessarily, an emotional one; the nature or style of the specific witness's narrative; the likelihood that the testimony is true; and the sufficiency of the other evidence presented to make a reasonable connection between the defendant and the offense charged. A final factor in considering the prejudicial nature of the evidence is the extent to which any possible inflaming of the jury can be cured by limiting instructions either at the time the testimony is tendered or when the case is submitted to the jury.

*Guerrero*, 803 F.2d at 786 (citations omitted) (internal quotation marks omitted) (admitting evidence of defendant's threats against co-conspirators who had entered into cooperation agreements with the Government to testify against him at trial).

Here, Defendant asks the Court to preclude the admission of particular statements outside the context in which they were made. At this point, we cannot reasonably perform the analysis described in *Guerrero*. We have already determined that these statements may be relevant. Based on the charges in the Indictment, we cannot say that the evidence celebrating an informant's death, and Defendant's threats to kill "crackers," to harm witnesses, to attack the prison warden, and to assault the child of a witness are uniquely prejudicial. At this juncture we conclude that under either Rule 403 or 18 U.S.C. § 3539(c), the statements identified by Defendant appear to be more probative than prejudicial. At trial, once the evidence is placed in its proper context, Defendant can renew his objection to the introduction of the statements that he believes are unduly prejudicial. *See, e.g.*, *United States v. Corbin*, No. 10-352, 2011 WL 2110831, at *8 (E.D. Pa. May 26, 2011) (withholding ruling on threat evidence until trial).

With regard to Defendant's threats about jurors in his 2005 federal drug trial, Defendant argues that the danger was non-existent because the jury was anonymous and there was no evidence that he obtained jurors' addresses or phone numbers. (Def.'s Mot. 4-5.) Defendant maintains that the introduction of that statement would be especially prejudicial because it would enflame the jury and indicate that they might be at risk. (*Id.* at 5.) The Government responds that this statement is highly probative because it establishes Defendant's pattern of threats and intimidation of anyone involved in bringing him to justice. (Gov't's Resp. 25.) In addition, the Government notes that such threats to jurors were plausible in light of Defendant's ability to relay messages to couriers and harm witnesses and their families, even when incarcerated. (*Id.* at 25.) The Government indicates that it only intends to introduce this statement in the sentencing phase of the trial. (*Id.* at 26.)

We agree with Defendant that a threat issued towards jurors is especially provocative, tending to incite jurors' passions. However, such threat evidence is admissible to show consciousness of Defendant's guilt. *United States v. Smith*, 67 F. App'x 686, 690 (3d Cir. 2003). It may also be admissible on the basis of future dangerousness. We conclude that this evidence may be admissible in the sentencing phase with an appropriate limiting instruction.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion *in Limine* to Preclude Admission of Unfairly Prejudicial Evidence will be denied.

An appropriate Order will follow.

**BY THE COURT:**


*/s/R. Barclay Surrick*
**U.S. District Judge**