IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | |
| KABONI SAVAGE | : | NO. 07-550 - 03 |
| ROBERT MERRITT | : | NO. 07-550 - 04 |
| STEVEN NORTHINGTON | : | NO. 07-550 - 05 |
| KIDADA SAVAGE | : | NO. 07-550 - 06 |

**SURRICK, J.**                                                                             **FEBRUARY 1, 2013**

## MEMORANDUM

Presently before the Court is the Joint Defense Motion to Compel Government to Produce a Witness List for Trial (ECF No. 827), the Government's response thereto (ECF No. 962), and Defendant Kaboni Savage's Reply (ECF No. 932).[1] For the following reasons, Defendants' Motion will denied.

## I. BACKGROUND[2]

On May 9, 2012, a federal grand jury returned a seventeen-count Fourth Superseding Indictment (the "Indictment") charging Defendants Kaboni Savage, Robert Merritt, Steven Northington, and Kidada Savage with conspiracy to participate in the affairs of a racketeering ("RICO") enterprise, in violation of 18 U.S.C. § 1962(d) (Count 1) and other related crimes. (Fourth Superseding Indictment, ECF No. 480.) In addition to the RICO charge, Kaboni Savage was charged with twelve counts of murder in aid of racketeering, in violation of 18 U.S.C. §

---

[1] The Motion was filed by Defendant Kidada Savage on behalf of all Defendants.

[2] The factual background of this case is more fully set forth in our June 1, 2012 Memorandum and Order denying Defendant Kaboni Savage's Motion to Dismiss the Indictment on Double Jeopardy Grounds and Motion to Dismiss Count Nine of the Third Superseding Indictment on Double Jeopardy Grounds. (*See* ECF Nos. 507, 508.)

1959(a)(1) (Counts 2-7, 10-15); tampering with a witness, in violation of 18 U.S.C. § 1512(a) (Count 8); conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5) (Count 9); retaliating against a witness, in violation of 18 U.S.C. § 1513(a) (Count 16); and using fire to commit a felony, in violation of 18 U.S.C. § 844(h)(1) (Count 17). (*Id.*)[3] In addition to the RICO conspiracy count, Merritt was charged on Counts 9 through 17; Northington was charged on Counts 5, 7, and 8; and Kidada Savage was charged on Counts 10 through 17. (*Id.*) On March 14, 2011, the Government filed a notice of intent to seek the death penalty against Kaboni Savage, Merritt, and Northington. (ECF Nos. 196, 197, 198.) The Government does not seek the death penalty against Kidada Savage.

The charges in the Indictment relate to a long-standing RICO conspiracy involving drug trafficking, murder, and witness intimidation. The Government alleges that all four Defendants were members of a regional criminal organization, which was based in North Philadelphia and was known as the Kaboni Savage Organization ("KSO"). From late 1997 through April 2010, members of the KSO conspired and agreed to distribute large quantities of controlled substances, to commit murder and arson, and to tamper with, and retaliate against, witnesses who had testified, or were about to testify, against the racketeering enterprise or its members. It is alleged that the KSO was committed to maintaining, preserving, protecting and expanding its power, territory, and profits by tampering with and retaliating against Government witnesses and their families through the use of threats, intimidation, violence, and murder.

On December 15, 2012, Kidada Savage filed the instant Joint Defense Motion to Compel

---

[3] Count 8 has been dismissed pursuant to an agreement between Defendants and the Government. (*See* ECF No. 855.)

Government to Produce a Witness List for Trial. (Defs.' Mot., ECF No. 827.) On January 17, 2013, the Government filed a response in opposition to the Motion. (Gov't's Resp., ECF No. 916.) On January 22, 2013, Defendant Kaboni Savage filed a Reply to the Motion. (Def.'s Reply, ECF No. 932.)

## II. DISCUSSION

Defendants request that the Government disclose a list of witnesses that it intends to call at trial, along with addresses for each of the witnesses. (Defs.' Mot. 2-3.) The Government responds that it has already provided a witness list to defense counsel in September 2012, and an amended witness list on January 14, 2013. (Gov't's Resp. 1-2.) The Government further argues that providing the addresses of the witnesses "would jeopardize the lives and safety of the witnesses and their families, and thus should not be compelled." (*Id*. at 2.)[4]

Defendants rely on 18 U.S.C. § 3432. That statute provides:

> A person charged with treason or other capital offense shall at least three entire days before commencement of trial, excluding intermediate weekends and holidays, be furnished with a copy of the indictment and a list of the veniremen, and of the witnesses to be produced on the trial for proving the indictment, stating the place of abode of each venireman and witness, except that such list of the veniremen and witnesses need not be furnished if the court finds by a preponderance of the evidence that providing the list may jeopardize the life or safety of any person.

18 U.S.C. §3432.[5] The purpose of the statute is "'to inform the defendant of the testimony which

---

[4] One additional argument made by the Government is that Kidada Savage does not have standing to request a witness list because she is not a capital defendant and the right to a witness list derives from a federal statute applicable only to capital cases. Since Kidada Savage filed the Motion on behalf of all Defendants, we will consider the merits of the Motion.

[5] Defendants acknowledge that the jury in this case will remain anonymous (*see* ECF Nos. 601, 602), and therefore are not requesting the names and addresses of each venireman. (Def.'s Mot. 3.)

3

he will have to meet, and to enable him to prepare his defense,'" *United States v. Barrett*, 496 F.3d 1079, 1116 (10th Cir. 2007) (quoting *United States v. Chandler*, 996 F.2d 1073, 1098 n.6 (11th Cir. 1993)); *see also United States v. Fulks*, 454 F.3d 410, 422 (4th Cir. 2010) (same). Another stated purpose of 18 U.S.C. § 3432 is "to eliminate any element of surprise and to prevent trial by ambush where a defendant's life is at stake." *Barrett*, 496 F.3d at 1115-16 (internal citations and quotation marks omitted).

The Government provided a witness list to defense counsel in September of 2012, well before *voir dire* began on November 5, 2012. (Gov't's Resp. 1.) The Government furnished a revised witness list on January 14, 2013, almost three weeks prior to the start of trial. (*Id*. at 2.) In addition, although under no obligation to do so, the Government provided defense counsel with a list of the first sixteen witnesses it intends to call at trial. (Gov't's Jan. 30, 2013 E-mail (on file with Court).) The Government has complied with Defendants' request that they be provided with a list of witnesses. This aspect of Defendants' Motion is therefore denied as moot.

We next address whether the Government is obligated to provide addresses for each of the witnesses listed. Section 3432 requires that the witness list provided by the Government state the "place of abode" for each witness. 18 U.S.C. § 3432. The statute also provides, however, that the list "need not be furnished if the court finds by a preponderance of the evidence that providing the list may jeopardize the life or safety of any person." *Id*. The Government states that "it is hard to imagine any case where the disclosure of witnesses' addresses (places of abode) would cause greater jeopardy to the lives and safety of witnesses than this one." (Gov't's Resp. 5.) Based upon the contents of the Indictment, we agree.

The 140 overt acts that comprise Count 1 of the Indictment allege an organization that

thrived on threats and intimidation.  Indeed, the underlying theme of this prosecution is the

obstruction of justice through witness intimidation and violence.  Seven of the twelve murder

counts involve witnesses or their families.  One victim, Tybius Flowers, was allegedly murdered

the night before he was scheduled to testify against Kaboni Savage in a state murder trial.  Six

victims perished in an arson fire allegedly ordered by Savage to intimidate a government witness

from testifying against him at his 2005 drug conspiracy trial.  Through the course of ruling on

pretrial motions, the Court has reviewed countless wiretap transcripts, FBI reports, transcripts

from prior trials, search warrant affidavits, and grand jury testimony excerpts.  This evidence

reveals threats made to witnesses, their families, and law enforcement officers, at times in

disturbing and graphic detail.  The Government advises that these threats of violence and

instances of witness intimidation have continued into the present.  (Gov't's Resp. 5.)  The Court

is satisfied, by a preponderance of the evidence, that providing the witnesses' addresses may

jeopardize the life or safety of witnesses, or their families.  *See United States v. Edelin*, 128 F.

Supp. 2d 23, 32 (D.D.C. 2001) (denying the defendants' request for disclosure of names and

addresses witnesses under 18 U.S.C. § 3432 "given the showing of probable cause in the

indictment and the proffers of evidence made by the government as to the dangerousness of the

defendants and their willingness to interview with the judicial system").

In his Reply, Kaboni Savage argues that the Government has failed to explain why a

protective order would not dually satisfy the interests of witness safety and Defendant's

constitutional rights.  (Def.'s Reply 3.)  We find this argument to be unpersuasive.  Defendants

never proposed the use of a protective order to facilitate the disclosure of witnesses in their

Motion.  Moreover, Defendants have not alleged that failure to provide the addresses of

witnesses violates their constitutional rights. Nor could they. The requirement that a witness list be provided in a capital case is a creature of statute, not the Constitution. Finally, we are not convinced that a protective order would assuage concerns of witness protection. There is no dispute that the discovery provided to Defendants in this case has been voluminous. Counsel for Kaboni Savage has represented to the Court on numerous occasions that their client demands and reviews every piece of paper disclosed and produced in this case. The Court is not in a position to order that witnesses' addresses be furnished to defense counsel and risk the chance that those addresses will inadvertently become public during the course of trial preparation. In any event, we are satisfied that Defendants' rights under 18 U.S.C. § 3432 are protected. The purpose of the statute—to inform defendant of the testimony which he will have to meet, to eliminate surprise and to enable him to prepare a defense—has been met through the Government's disclosure of voluminous discovery.

Kaboni Savage also suggests that in lieu of disclosing the addresses for the witnesses, the Government produce the witnesses at a neutral location or by way of "remote video connection." (Defs.' Reply 3.) Again, Defendant confuses the statutory right to receive a witness list under 18 U.S.C. § 3432 with the constitutional right to access witnesses, which we already addressed in our January 24, 2013 Memorandum and Order granting in part and denying in part Defendants' joint motion to compel access to witnesses. (*See* ECF Nos. 951, 952.) In our January 24th Memorandum, we set up a procedure to facilitate defense counsel's access to witnesses by permitting counsel to submit written requests for witness interviews to the Court, and directing that those requests be delivered to the witnesses by the United States Marshal's Service. Only Kidada Savage has requested interviews with witnesses using this procedure. Accordingly,

Defendants' request for the addresses of the witnesses will be denied.

## III.   CONCLUSION

For the foregoing reasons, Defendants' Joint Defense Motion to Compel Government to Produce a Witness List for Trial will be denied.

An appropriate Order will follow.

**BY THE COURT:**

*/s/R. Barclay Surrick*
**U.S. District Judge**