IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | |
| KABONI SAVAGE | : | NO. 07-550 - 03 |
| STEVEN NORTHINGTON | : | NO. 07-550 - 05 |


**O R D E R**

**AND NOW**, this __17th__ day of ___May___, 2013, upon consideration of Defendant

Kaboni Savage's Motion to Declare the Federal Death Penalty Act Unconstitutional (ECF No.

380), and the Government's response thereto (ECF No. 467), it is **ORDERED** that the Motion is

**DENIED**.[1]

---

[1] Defendant asks the Court to declare the Federal Death Penalty Act ("FDPA"), 18 U.S.C. §§
3591, *et seq*., unconstitutional.  Defendant offers numerous arguments in support of this request.
All of Defendant's arguments have been repeatedly raised and uniformly rejected by federal
district courts and federal appellate courts.  *See, e.g*., *United States v. Sampson*, 486 F.3d 13, 21
(1st Cir. 2007) (holding that there is no conflict between the FDPA and *Ring v. Arizona*, 536
U.S. 584 (2002), and rejecting argument that application of *Ring* to the FDPA requires
impermissible judicial or executive redrafting of the statute); *United States v. Williams*, No. 08-
00070, 2013 U.S. Dist. LEXIS 45323, at *29-30 (M.D. Pa. Mar. 29, 2013) (citing cases that have
rejected the argument that "the FDPA is in conflict with *Ring* and that the conflict may only be
resolved by Congress' amendment of the FDPA"); *United States v. Allen*, 406 F.3d 940, 949 (8th
Cir. 2005) (rejecting argument that the FDPA is unconstitutional after *Ring*); *United States v.
Brown*, 441 F.3d 1330, 1367 (11th Cir. 2006) (same); *United States v. Robinson*, 367 F.3d 278,
290 (5th Cir. 2004) (same); *United States v. Battle*, 264 F. Supp. 2d 1088, 1104 (N.D. Ga. 2003)
(holding that the FDPA "is not rendered facially unconstitutional under the Fifth Amendment
Indictment Clause merely because the aggravating factors are not defined as elements of a capital
offense"); *United States v. Purkey*, 428 F.3d 738, 748 (8th Cir. 2005) (rejecting argument that the
FDPA is "facially unconstitutional because it vests the prosecution with unilateral authority to
seek the death penalty without ever taking the matter of whether the death penalty is justified to
the grand jury"); *United States v. Higgs*, 353 F.3d 281, 321 (4th Cir. 2003) (rejecting argument
that "by affording prosecutors virtually unlimited discretion in identifying and defining
nonstatutory aggravating factors, the FDPA impermissibly delegates legislative power to
government prosecutors in violation of the separation-of-powers doctrine"); *United States v.
Cheever*, 423 F. Supp. 2d 1181, 1191 (D. Kan. 2006) (rejecting argument that *Sattazahn v.
Pennsylvania*, 537 U.S. 101 (2003) supports the conclusion that death penalty aggravating

factors are elements of a new crime); *Sampson*, 486 F.3d at 22 (rejecting the defendant's reliance on *United States v. Jackson*, 390 U.S. 570 (1968) in challenging the FDPA); *Purkey*, 428 F.3d at 749 (rejecting argument that because the indictment did not include non-statutory aggravating factors, it violated the Fifth Amendment); *United States v. Fell*, 531 F.3d 197, 238 (2d Cir. 2008) ("We find that the government's failure to include the non-statutory aggravating factors in the indictment did not violate the Fifth Amendment."); *United States v. Bourgeois*, 423 F.3d 501, 507 (5th Cir. 2005) (explaining that non-statutory aggravating factors need not be alleged in the indictment since they do not render a defendant eligible for the death penalty, and stating that "neither we nor any other circuit court of appeals has ever held that non-statutory aggravating factors must be set forth in the indictment"); *Sampson*, 486 F.3d at 23 (distinguishing *United States v. Booker*, 543 U.S. 220 (2005) and stating that "allowing a grand jury to consider and charge aggravating factors under the FDPA does not have any effect either on the substantive aspects of the statute or on the discrete roles that the statute assigns to the judge, the prosecutor, and the jury respectively"); *United States v. Jacques*, No. 08-117, 2011 U.S. Dist. LEXIS 48540, at *25-26 (D. Vt. May 4, 2011) (noting that the defendant's reliance on *Booker* was misplaced); *Sampson*, 486 F.3d at 23 n.2 (rejecting the defendant's argument that the grand jury lacked the authority to issue special findings in a death penalty case); *Jacques*, 2011 U.S. Dist. LEXIS 48540, at *29-30 (same); *United States v. Jones*, 132 F.3d 232, 242 (5th Cir. 1998) ("Consequently, the relaxed evidentiary standard does not impair the reliability or relevance of information at capital sentencing hearings, but helps to accomplish the individualized sentencing required by the constitution."); *United States v. Fell*, 360 F.3d 135, 146 (2d Cir. 2004) (joining numerous other courts in concluding that the evidentiary standard set forth in the FDPA meets constitutional requirements); *United States v. Haynes*, 269 F. Supp. 2d 970, 983 (W.D. Tenn. 2003) (rejecting argument that the FDPA's allowance of evidence of mens rea and aggravating factors under a relaxed evidentiary standard does not violate the defendant's due process and Confrontation Clause rights under the Fifth and Sixth Amendments); *Battle*, 264 F. Supp. 2d at 1105-06 (holding that the relaxed standard of evidence during a death penalty sentencing did not violate the defendant's Fifth and Sixth amendment rights); *United States v. Johnson*, 239 F. Supp. 2d 924, 945 (N.D. Iowa 2003) (rejecting argument that "because the FDPA allows the introduction during the sentencing phase of 'information' rather than only 'evidence,' a jury's sentencing decision under the FDPA is inherently unreliable in violation of the Eighth Amendment"); *United States v. Troya*, No. 06-80171, 2008 U.S. Dist. LEXIS 71525, at *12 (S.D. Fla. Sept. 22, 2008) (rejecting the defendant's contention that "the FDPA prejudices the defendants during sentencing because it denies them the presumption of innocence"); *United States v. Williams*, No. 05-920, 2008 U.S. Dist. LEXIS 88383, at *30 (C.D. Cal. Oct. 15, 2008) (concluding that the FPDA is not unconstitutional simply because there is no explicit provision regarding the presumption of innocence in the sentencing phase); *United States v. Green*, No. 06-19, 2008 U.S. Dist. LEXIS 65387, at *11 (W.D. Ky. Aug. 26, 2008) (rejecting the defendant's argument that "the FDPA denies defendants the presumption of innocence as to the sentencing elements of the offense, in violation of due process rights"); *United States v. Jackson*, 549 F.3d 963, 972 (5th Cir. 2008) (rejecting argument that the FDPA is unconstitutional because the death penalty constitutes cruel and unusual punishment); *Sampson*, 486 F.3d at 29 (refusing to declare the death penalty unconstitutional as cruel and unusual punishment and as a denial of due process rights); *United States v. Wilk*, No. 04-60216, 2005 U.S. Dist. LEXIS 11632, at *23-24 (S.D. Fla. Apr. 21, 2005) (concluding that the Government's Notice of Intent to Seek the Death Penalty did not constitute an unconstitutional amendment of the indictment against the defendant

**IT IS SO ORDERED**

                                   **BY THE COURT:**

                              _____

                              **R. BARCLAY SURRICK, J.**

---

since "the notice contains the same intent and statutory factors that are set forth in the indictment").  We are satisfied that the FDPA is not unconstitutional.

3