IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 07-550 |
| KABONI SAVAGE | : | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT SAVAGE'S MOTION TO EXPAND PAGE LIMIT FOR § 2255 PETITION**

The United States of America, by Jacqueline C. Romero, United States Attorney for the Eastern District of Pennsylvania, and David E. Troyer, Assistant United States Attorney for the district, file this response in opposition to the defendant Kaboni Savage's motion to expand the page limit for his anticipated motion to vacate conviction and sentence pursuant to 28 U.S.C. § 2255 (Docket No. 1741), in furtherance of which response we state the following:

Introduction

The defendant Kaboni Savage was tried, convicted, and sentenced to death in this case. His conviction and sentences were affirmed on appeal. His motion for *en banc* review by the Third Circuit was denied. The Supreme Court subsequently rejected his petition for *writ of certiorari*. A team of attorneys, from two Federal Defenders' Offices, now represent him for the purpose of pursuing a motion to vacate pursuant to 28 U.S.C. § 2255. That petition is now due for filing on May 15, 2023.[1] In anticipation of filing, Savage now asks this Court to permit him to file a pleading far exceeding the reasonable 150-page limit for such motions, requesting permission to file a motion as large as 750 pages. Savage's motion fails to explain why he needs such an unprecedented expansion, and indeed does not cite a single issue he plans to raise in his

---

1 The one-year statute of limitations for filing this pleading was to expire on November 15, 2022. Government counsel initially opposed a request by defense counsel to expand that deadline, but was later compelled to accede to that request, agreeing to a six-month extension.

§ 2255 motion. The government thus views that request to be neither necessary nor appropriate, and thus objects to the motion to exceed page limits. If this Court were to agree to some expansion of the page limits, the government alternately suggests that such an expansion should be well short of the seemingly unprecedented 750 pages requested by defense counsel.

## Memorandum of Law

Motions to vacate conviction and sentence under 28 U.S.C. § 2255 are necessarily limited in scope and nature, even in capital cases. They typically raise claims of ineffective assistance of counsel. They are prohibited from raising issues already raised, and rejected, on appeal. Likewise, they are prohibited from raising issues that were voluntarily waived.

Kaboni Savage was represented by teams of experienced appointed counsel, both for trial and for appeal. Trial counsel filed and/or adopted more than 100 motions before trial, during trial, and after trial. Trial counsel's efforts were zealous, professional, and competent. There was extensive pre-trial litigation, and a lengthy trial and penalty phase.

Likewise, Savage was appointed multiple experienced counsel for his direct appeal. They, too, zealously pursued Savage's appeal, taking many years before even filing the appellant's brief which, as current counsel notes, was 365 pages long. The government's combined appellee's brief, which addressed the claims of all four defendants on appeal, was 396 pages long. In sum, Savage has had the benefit of many experienced, competent attorneys who fully litigated his case and pursued his claims. He had the benefit of a full and fair trial, followed by a full, comprehensive appeal.

With this backdrop, it is unlikely that Savage has any legitimate issues that would even require a hearing, let alone cause a court to entertain a request for a new trial. To suggest that he has "dozens" of legitimate issues to raise strains credulity.

Whatever issues Savage plans to raise (as he does not yet afford this Court the benefit of describing even one), he should easily be able to do so within the generous confines of a 150-

page limit. While the government recognizes that this case was long and complex, that alone does not compel a conclusion that an oversized pleading is required. Indeed, Savage has articulated nothing to meet his burden of proving that he needs any expansion.

Many other districts have page limits that are far less generous than the Eastern District of Pennsylvania's 150-page limit.2  Likewise, many other district courts, and courts of appeals, have denied defense requests to exceed those page limits in the context of a § 2255 petition. For instance, the Sixth Circuit has twice affirmed district court rulings denying requests to exceed page limits and dismissing petitions that exceeded those limits. *Martinez v. United States*, 865 F.3d 842, 844 (6th Cir. 2017) (affirming the district court's dismissal of a 625-page motion that far exceeded the 25-page limit, which was followed by a 23-page motion, which was also rejected); and *Martinez v. United States*, 2019 WL 11706037 (6th Cir. 2019) (affirming the district court's striking of a 600-page oversized brief). District courts have often held defendants to local page limits. *See, e.g.*, *United States v. Hansberry*, 2021 WL 2646084 (E.D. Mich. June 28, 2021) (denying a motion to exceed the 25-page limit where a pro se defendant filed an 81-page motion); *Wiles v. United States*, 2015 WL 13881579 (M.D. Fla. Aug. 4, 2015) (denying a motion to exceed a 25-page limit); and *United States v. Merkosky*, 2008 WL 5169640 at *7 (N.D. Ohio Dec. 9, 2008) (same).

While the government recognizes that the above-cited cases are not capital cases, a case is not necessarily more complex, nor require more writing, merely by virtue of being a capital case. Savage's proposed calculus of 107 pages per homicidal incident is deeply flawed. Savage's counsel do not have to write about each homicide; rather, they only have to write about whatever issues they advance. And they certainly do not have to expend ink and paper on the underlying facts of each incident, as those are already a matter of record. Accordingly, Savage's cites to

---

2  This is the page limit for § 2255 cases involving the death penalty. EDPA Local Rule of Civil Procedure 9.4(4).

other federal capital cases are unavailing, as there is no discussion as to what issues existed in those cases, how complicated those issues were, or what level of factual or legal analysis had to be performed in order to address them. In short, Savage has failed to carry his burden of showing the necessity for an expanded page limit. Likewise, while Savage invokes the Due Process Clause and Equal Protection Clause, he offers no analysis or discussion as to how those would be violated by a denial of his request.

In the event that this Court were to consider granting an expansion, the government suggests that, given the already-generous allocation of 150 pages, that it be limited to one not exceeding 50 pages. This would be more than reasonable to accommodate the task at hand.

Defense counsel consistently remind this Court that this is a capital case, and repeat the mantra, "Death is different." However, there is another axiom that bears heeding, which is, "Justice delayed is justice denied." This Court should reject mere efforts to delay proceedings, which seem to be a defense theme in this case since the imposition of sentence in 2013.

## Conclusion

WHEREFORE, the government respectfully requests that this Court enter an Order denying the defendant Savage's motion for expansion of page limits for his § 2255 petition.

Respectfully submitted,

JACQUELINE C. ROMERO
United States Attorney

 *s/ David E. Troyer*
David E. Troyer
Assistant United States Attorney
Chief, Narcotics and Organized Crime

**CERTIFICATE OF SERVICE**

I hereby certify that this pleading was electronically filed, and thus served on this the 18th day of April, 2023, upon defense counsel:

Ryan Norwood, Esquire
Assistant Federal Defender
ryan_norwood@fd.org

Bridget L. Kennedy, Esquire
Assistant Federal Defender
bridget_kennedy@fd.org
Attorneys for Kaboni Savage

                                               *s/ David E. Troyer*
                                               David E. Troyer
                                               Assistant United States Attorney