IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(Philadelphia)

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | Criminal No. 2:07-cr-00550-RBS |
| | ) | |
| v. | ) | Hon. R. Barclay Surrick |
| | ) | |
| **KABONI SAVAGE,** | ) | |
| | ) | **\*\*CAPITAL CASE\*\*** |
| Defendant. | ) | |
| | ) | |

**UNOPPOSED MOTION FOR TEMPORARY PROTECTIVE ORDER AND LEAVE TO FILE MOTION TO VACATE, SET ASIDE, OR CORRECT CONVICTION AND SENTENCE PURSUANT TO 28 U.S.C. §2255 UNDER SEAL**

*Expedited Consideration Requested*

Pursuant to Federal Rule of Criminal Procedure Rule 49.1, Local Civil Rule 5.1.5, and governing case law, Kaboni Savage, a federal prisoner under sentence of death, respectfully moves this Court for a temporary protective order granting him leave to file his motion to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. §2255 ("Motion") under seal. Given the unique facts of this case, the numerous filings which remain under seal which must be referenced in the Motion, and sensitive or confidential information to be relied upon in the filing, good cause exists to grant leave to file the Motion and its supporting documents under seal.

A preliminary seal will allow this Court to make the required detailed findings necessary when deciding whether to issue a permanent protective order permitting

the continued sealing of the Motion and exhibits, or portions thereof. If the Court requests briefing or argument on permanent sealing, the parties will be able to present informed and specific arguments on which portions of the Motion should be sealed. If this initial request is denied, the information disclosed in the Motion and accompanying documents in support cannot be retracted from the public record because any details that should be shielded from public view will already have been disseminated; simply put the bell cannot be unrung.

Attorney for the United States, David Troyer, indicated he has no opposition to filing the Motion under seal.

As a result, in order to protect the interests of all parties at this time and maintain the status quo, Mr. Savage respectfully requests a protective order granting him leave to file his forthcoming Motion, and all supporting documentation for that Motion, including exhibits, under seal. The grounds for this request are set forth below.

I.  **Legal Standard**

Although openness and public access to judicial records and proceedings are favored, the public's right of access to court documents and trials is not absolute. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-99 (1978). As the Supreme Court explained in *Nixon*, "[e]very court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Id.* at 598.

In order for the courts to exercise appropriate control over their records, both the Federal Rules of Criminal Procedure[1] and this Court's Local Rules permit filing documents under seal when circumstances prescribe. Specifically, the Federal Rules allow a temporary seal which the district court can later lift in whole or in part: "[t]he court may order that a filing be made under seal without redaction. The court may later unseal the filing or order the person who made the filing to file a redacted version for the public record." Fed. R. Crim. P. 49.1(d). Further, those Rules allow, "[f]or good cause" shown, "[p]rotective [o]rders" which "limit or prohibit a nonparty's remote electronic access to a document filed with the court." Fed. R. Crim. P. 49.1(e).

Likewise, Local Civil Rule 5.1.5 provides that a document may be filed under seal if "the Court orders the document sealed." *See also* Local Criminal Rule 53.2. Documents may be filed under seal where "good cause" is shown. *Glenmede Trust Co. v. Thompson*, 56 F.3d 476 (3d Cir. 1995); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994). The Court of Appeals for the Third Circuit has "set forth various factors—which are neither mandatory nor exhaustive—that courts may consider when determining whether good cause exists and, by extension whether a protective order should issue". *In re Avandia Marketing, Sales Practices and Prods. Liab. Litig.*,

---

[1] Federal Rules of Civil Procedure 5.2(d)&(e) are identical to the Criminal Rules of Procedure 49.1(d)&(e) and, thus, also support filing under seal where good cause exists.

924 F.3d 662, 671 (3d Cir. 2019).[2] "The District Court 'is best situated to determine what factors are relevant to' any given dispute." *Id.* (*citing Glenmede Trust Co.*, 56 F.3d at 483.)

A party seeking to file material under seal must make a specific showing, and "[b]road allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183, 194 (3d Cir. 2001). However, a district court's need for time to evaluate the parties' respective positions, or interests of third parties, are sufficiently important to justify a temporary sealing order although they cannot justify a permanent or indefinite sealing order. *See, e.g., Reyes v. Freebery*, 192 F.App'x 120, 125 (3d Cir. 2006). Continued sealing must be based on current evidence to show how public dissemination of the pertinent materials now would cause the harm the parties claim. *Id.* at 196; *see also Leucadia, Inc. v. Applied Extrusion Technologies, Inc.*, 998 F.2d 157, 167 (3d Cir. 1993).

---

[2] These factors include: (1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public. *Id.* (*citing Glenmede Trust Co.*, 56 F.3d at 483.)

## II. Good cause exists to preliminarily seal the §2255 Motion and supporting documents.

Many of the documents Mr. Savage intends to reference in his Motion contain confidential or sensitive information, including, for example, medical records of third-parties, Bureau of Prisons records, and jury questionnaires from the anonymized venire. He also intends to cite to currently sealed documents, including jury voir dire transcripts, sealed motions and court orders, and other documents currently restricted from public view. The need to discuss these confidential documents in detail, as well as the circumstances which persist that have necessitated the sealing of other filings in this case, all provide good cause to permit the preliminary sealing for Mr. Savage's §2255 Motion.

This Court is well-familiar with the history of this case and the numerous other filings for which the Court has found good cause to file under seal. A search of the docket reveals that nearly 250 documents have been filed under seal, most of which remain under seal at this time. These documents include other motions filed by Mr. Savage (*see, e.g.,* Docs. 180, 181, 266), orders issued by this Court (*see, e.g.,* Docs. 211, 1497), and transcripts of proceedings (*see, e.g.,* Docs. 736–740). The Government has also filed documents under seal in this case. (*See, e.g.,* sealed Government motions, Docs. 194, 979; sealed Government responses, Docs. 674, 700, 909; sealed Government exhibits, Doc. 1577).

Although a detailed showing is required to permanently maintain the preliminary sealing of court documents, such a showing cannot be fully made until the facts are placed before the Court in Mr. Savage's Motion. Until the filing is lodged

with the Court, the Court cannot evaluate whether complete, long-term sealing is justified, or instead whether only partial sealing is appropriate.

Even if Mr. Savage could make such arguments at this time, the Government has not yet had the opportunity to review the Motion and supporting documents to make any additional arguments for sealing which it may believe appropriate beyond what Mr. Savage may ultimately request. Thus, a temporary protective order permitting preliminary filing under seal is necessary in order for the Government to have a full and fair opportunity to also request appropriate sealing if it desires.

Moreover, without the substance of the §2255 Motion, the Government, like the Court, cannot fully evaluate any request for permanent sealing by Mr. Savage. After reviewing, the Government may agree with the need to main a full or partial seal of the filings, thereby streamlining any arguments before the Court.

However, if leave to file under seal is denied, the information cannot be retracted from the public record. "Once [information] is public, it necessarily remains public." *Gambale v. Deutsche Bank, AG*, 377 F.3d 133, 144 n. 11 (2d Cir. 2004). "Once the cat is out of the bag, the ball game is over." *Id*. "The genie is out of the bottle" and "[w]e have not the means to put the genie back." *Id*. at 144. Because the information cannot be extricated from the public domain once it has entered, a temporary protective order is appropriate to maintain the parties' current positions.

Notably, consistent with Mr. Savage's request, other jurisdictions have permitted capital §2255 motions to be filed entirely under seal. For example, the Eastern District of Texas has permitted at least two federal capital petitioners to file

6

their respective §2255 motions under seal. (*United States v. Agofsky*, E.D. Tex. No. 1:07-cv-511, Doc. 194, p. 488 (originally filed under seal on January 8, 2009 per court order that "[i]f Agofsky raises a claim based upon information contained in" certain document, "his pleadings shall be filed under seal"); *United States v. Snarr*, E.D. Tex. No. 1:13-cv-00724, Doc. 31, Order (Feb. 26. 2015) ("In support of the motion, he explained that many of his exhibits, along with the discussion of the exhibits in the § 2255 motion, include confidential information. He thus asks that the § 2255 motion and all supporting exhibits and declarations be filed under seal. The motion is reasonable.").)

Further, this Court permitted temporary sealing in recent cases. *See, e.g., Strike 3 Holdings, LLC v. Doe*, No. 20-6457-RBS, Doc. 14 (E.D. Pa. May 10, 2021) (Surrick, J.) (permanently sealing all documents previously filed under temporary seal). In *Strike 3 Holdings,* the preliminary sealing of documents filed in a civil matter, as well as the use of a pseudonym for a defendant, was initially permitted and the parties later briefed the propriety of maintaining that seal, which the Court upheld. *See id.* This practice is an appropriate use of the Court's discretion to manage its docket, and should be used at this time, in this case.

## III. Conclusion

Mr. Savage does not seek a permanent ordering sealing the documents, only a temporary protective order which permits him to file his §2255 Motion under seal, and which maintains the status quo until such time that the Government and this Court can evaluate a detailed request for continued sealing for some or all of the

7

documents. Given the sensitive nature of this case and the documents already in the record that must be relied on for his arguments, good cause exists for a protective order allowing preliminary sealing of Mr. Savage's §2255 motion and supporting documents.

Respectfully submitted,

*/s/ Ryan Norwood*
Ryan Norwood
NH Bar 15604
*/s/ Kathryn Bailey*
Kathryn Bailey
PA ID 308242

Assistant Federal Public Defenders
Capital Habeas Unit
Office of the Federal Public Defender
Western District of Pennsylvania
1001 Liberty Avenue, Ste. 1500
Pittsburgh, PA 15222
ryan_norwood@fd.org
kara_bailey@fd.org
(412) 644-6565

*/s/ Bridget L. Kennedy*
Bridget L. Kennedy
CA Bar 253416; OH Bar 100802
*/s/ Natalie Olmstead*
Natalie Olmstead
OH Bar 85977; CT Bar 430791; AL Bar 3119L00O

Assistant Federal Public Defender
Capital Habeas Unit
Office of the Federal Public Defender
Southern District of Ohio
10 West Broad Street, Suite 1020
Columbus, OH 43215
bridget_kennedy@fd.org
natalie_olmstead@fd.org
(614)-469-4141

ATTORNEYS FOR KABONI SAVAGE

**CERTIFICATE OF SERVICE**

    I hereby certify that the foregoing was filed electronically through the ECF system and notice sent to counsel of record for all parties on this date.

                                      ***/s/ Bridget L. Kennedy***
                                      Bridget L. Kennedy
                                      CA Bar 253416; OH Bar 100802
                                      Assistant Federal Public Defender
                                      Capital Habeas Unit
                                      Office of the Federal Public Defender
                                      Southern District of Ohio
                                      10 West Broad Street, Suite 1020
                                      Columbus, OH 43215
                                      bridget_kennedy@fd.org
                                      (614)-469-4141

                                      ATTORNEY FOR KABONI SAVAGE